1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

JOEL WALLACH,

CASE NO. 10cv1237 BEN (NLS)

11

Petitioner,

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DISMISSING PETITION WITH PREJUDICE**

vs.

12
13

GEORGE NEOTTI, Warden,

[Dkt. Nos. 19, 26.]

14

Respondent.

15
16          Joel Wallach filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

17   contending that his Due Process rights were violated when he was denied parole by the Board of

18   Parole Hearings.  Respondent filed a motion to dismiss the Petition for failing to allege a

19   cognizable federal claim.  (Dkt. No. 19.)  Magistrate Judge Nita L. Stormes issued a thoughtful and

20   thorough Report and Recommendation recommending the motion to dismiss be **GRANTED**

21   because Petitioner cannot state a claim that his federal due process rights were violated when the

22   Board denied Petitioner parole.  (Dkt. No. 26.)  Petitioner filed Objections.  (Dkt. No. 27.)

23   Respondent filed a Reply.  (Dkt. No. 28.)  Having reviewed the matter de novo and for the reasons

24   that follow, the Report and Recommendation is **ADOPTED**, Respondent's motion to dismiss is

25   **GRANTED**, and the Petition is **DISMISSED with prejudice**.

26                                                    **DISCUSSION**

27          Petitioner challenges the Board's October 16, 2008 decision denying him parole.  Petitioner

28   disputes: (1) the Report's finding that Petitioner's claim is precluded by *Swarthout v. Cooke*, 131

S. Ct. 859 (2011) and (2) objects to the Report's finding that Petitioner had an opportunity to be heard at his parole hearing.

As accurately outlined in the Report, federal habeas relief may only be granted when State court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**I.    *Swarthout v. Cooke***

Petitioner argues that the United States Supreme Court's decision in *Swarthout v. Cooke* left open whether the Due Process Clause requires "some evidence" of future dangerousness to deny parole to a California prisoner. The Court disagrees.

Both *Swarthout v. Cook* and the Ninth Circuit's decision in *Pearson v. Muntz*, 639 F.3d 1185 (2011) make clear that "some evidence" of future dangerousness is not required under the Due Process Clause. *Swarthout*, 131 S. Ct. at 863 ("The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."); *Pearson*, 639 F.3d at 1191 ("[T]he protections to which a California inmate is entitled to prior to a denial of parole do not include a showing of some evidence of future dangerousness.").

While there is a state created liberty interest in parole in California, there is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Swarthout*, 131 S. Ct. at 862. There is "no federal concern here whether California's 'some evidence' rule of judicial review *(a procedure beyond what the Constitution demands)* were correctly applied. *Id.* at 863 (emphasis added). Due Process only requires that Petitioner be "allowed an opportunity to be heard and . . . provided a statement of the reasons why parole was denied." *Id.* at 862; *Pearson*, 639 F.3d at 1191; *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011). Some evidence of future dangerousness is not required to comply with Due Process. ///

1  **II.      Opportunity to Be Heard**

2          Petitioner claims that he was denied an opportunity to be heard at his parole hearing

3  concerning his use of medication, one basis for the Board's denial of parole.  However, Petitioner

4  had ample opportunity to address his suitability for parole during his parole hearing.  As noted by

5  Respondent in the Reply to Petitioner's Objections, Petitioner was asked numerous questions about

6  his use of medication, its role in his commitment offense, and his failure to take advantage of

7  substance abuse programs.  This concern was also raised in Petitioner's psychological evaluation.

8  Additionally, even if the Board had not inquired about this particular issue, Petitioner fails to cite

9  the Court to any authority requiring the Board to provide Petitioner an opportunity to rebut every

10  specific piece of information in an inmate's file that the Board might rely on in assessing parole

11  suitability.

12  **III.     Certificate of Appealability**

13          "The district court must issue or deny a certificate of appealability when it enters a final

14  order adverse to the applicant."  Rule 11 foll. 28 U.S.C. § 2254.  In this case, the Court finds that

15  Petitioner has not made a substantial showing of the denial of a constitutional right, the issues are

16  not debatable among jurists of reason, and a court could not resolve the issues in a different

17  manner.  The questions are also not adequate to deserve encouragement to proceed further.

18  Petitioner has failed to state a cognizable federal claim.  Accordingly, the Court **DENIES** a

19  certificate of appealability.

20                                     **CONCLUSION**

21          Having conducted a de novo review, the Report and Recommendation is **ADOPTED** over

22  Petitioner's Objections, Respondent's motion to dismiss is **GRANTED**, and the Petition is

23  **DISMISSED with prejudice**.  The Clerk shall close the file.

24  **IT IS SO ORDERED.**

25  DATED:  December 20, 2011

26  _____

27  Hon. Roger T. Benitez
    United States District Judge

28